IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| COLLISION COMMUNICATIONS, INC., | § § | |
| v. | § § | CASE NO. 2:21-CV-00308-JRG |
| NOKIA SOLUTIONS AND NETWORKS OY, NOKIA OF AMERICA CORPORATION. | § § § § § | (LEAD CASE) |
| COLLISION COMMUNICATIONS, INC., | § § | |
| v. | § § | CASE NO. 2:21-CV-00327-JRG |
| TELEFONAKTIEBOLAGET LM ERICSSON, ERICSSON, INC. | § § § | (MEMBER CASE) |

## ORDER

Before the Court is Plaintiff Collision Communications, Inc.'s ("Collision") Motion to Compel Nokia Defendants' Production of Certain Marketing Documents (the "Motion"). (Dkt. No. 89). In the Motion, Collision asks the Court to compel Defendants Nokia Solutions and Networks OY and Nokia of America Corporation (collectively, "Nokia") to produce business and marketing documents related to the accused products—rather than simply the accused functionalities. (*Id.*). Having considered the Motion and the subsequent briefing, the Court is of the opinion that it should be **DENIED**.

**I.    BACKGROUND**

On July 21, 2022, Collision filed the instant Motion seeking production of all Nokia's marketing documents related to the accused products, including those that do not reference the accused features at issue. (Dkt. No. 89). Specifically, Collision seeks an order compelling the following documentation from Nokia:

- Documents related to any market study or analysis and all strategic or long-range product or marketing plans, performed by Nokia or any Third Party, related to the Accused Products. (Request No. 52).

- Documents reflecting analyses, reports, or studies concerning customer preferences or demand for the Accused Functionalities or Accused Products. (Request No. 54).

- Documents reflecting internal or external market studies concerning the Accused Functionalities or Accused Products. (Request No. 55).

- Documents sufficient to show Nokia's business, strategic, financial, and/or marketing plans, forecasts, analyses, or reports related to Nokia's sales or leases of Accused Products in the United States. (Request No. 56).

- Documents sufficient to show customer retention analysis and plans related to Nokia's sales or leases of Accused Products in the United States or Your services that support the same. (Request No. 57).

- Documents related to the advertising, promotion, or marketing of any Accused Product or the Accused Functionalities. (Request No. 16).

(Dkt. No. 89 at 1).

Nokia represents that it has produced marketing and business planning documents relating to the accused functionality at issue. (Dkt. No. 94 at 1). Collision does not appear to disagree. (*See* Dkt. No. 89 at 1). However, Collision contends that Nokia has improperly limited its responses to only the accused functionality rather than the accused products as a whole. This is the basis for the Motion.

## II. DISCUSSION

In support of its Motion, Collision argues that marketing documents related to the accused products, while they may lack any mention of the accused functionalities, are relevant to Collision's indirect infringement and damages theories. (Dkt. No. 89). Concerning indirect infringement, Collision argues that such marketing documents reflect Nokia's marketing, sale, advertisement, and promotion of the accused products to its customers. (*Id*. at 3). With respect to damages, Collision contends that such materials are relevant to several of the *Georgia Pacific* factors and are necessary for Collision's expert to calculate a reasonable royalty rate. (*Id*. at 3, 4, 5).

Nokia responds that documents unrelated to the accused features are simply irrelevant. (Dkt. No. 94 at 3–4). Nokia disagrees that marketing materials which do not discuss the accused features have any bearing on indirect infringement. (Dkt. No. 94 at 3). Further, Nokia argues that the burden of collecting such, including market studies, customer preferences, business plans, marketing documents, customer retention analyses, and advertising documents that relate to the accused products, is extremely high. (*Id*. at 5). With respect to Collision's reasonable royalty argument, Nokia relies on this Court's prior decision in *SEVEN Networks*. *SEVEN Networks, LLC v. Google LLC*, No. 2:17-cv-442, Dkt. No. 210 (E.D. Tex. June 29, 2018). (*Id*. at 6). Nokia argues that in *SEVEN Networks*, this Court denied a request for documents reflecting advertisement revenue of an accused product when the request was not tailored to documents related to the accused functionality.

The Court is not persuaded that the probative value of the information sought outweighs the burden which would be imposed on Nokia. Collision's discovery requests are very broad and seek large swaths of information related to the accused products with little attempt to limit the requested information to the relevant issues in this case. Had Collision tailored the requests even

3

slightly, the Court may have reached a different result. Collision particularly fails to demonstrate how the requested documents—which Collision admits are unrelated to the accused features—are probative of Collision's claim of indirect infringement. The Court also finds Collision's reasonable royalty rate arguments unpersuasive. However, none of this is to say that the accused functionality must be explicitly referenced in any document for it to be relevant and subject to production. Rather, the Court has concluded, based on the specific facts of this particular case, that Collision's arguments asking this Court to compel Nokia to produce large quantities of information based on broadly worded requests near the close of fact discovery should not be granted.[1]

### III.   CONCLUSION

For the reasons stated herein, Collision's Motion to Compel is **DENIED**.

**So ORDERED and SIGNED this 10th day of August, 2022.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[1] The Court recognizes that relevance is, generally speaking, a relatively low bar, and had Collision tailored their broad discovery requests, even modestly, a different result might have been achieved.